

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# Philip Yip v. Union Cty College

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Philip Yip v. Union Cty College" (2009). *2009 Decisions.* Paper 1931.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1931

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3207
_____

PHILIP YIP,

Appellant

v.

UNION COUNTY COLLEGE; CYNTHIA ROEMER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-4238)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009
Before:  BARRY, SMITH AND GARTH, Circuit Judges

(Opinion filed: February 3, 2009)

_____

OPINION
_____

PER CURIAM

Philip Yip appeals from an order of the United States District Court for the District

of New Jersey granting summary judgment to defendants Union County College and

Cynthia Roemer.  We will affirm.

Yip taught biology and chemistry as an adjunct instructor at Union County College, a public institution of higher education. In 2004, he registered for the New Pathway to Teaching in New Jersey, offered by the Continuing Education Division of the college. The program consisted of three phases. Yip registered to take Phase I in the summer of 2004. When the college released the summer schedule, Yip learned that the summer courses he was assigned to teach would overlap with Phase I of the New Pathway course by at least one week. Accordingly, Yip was unable to attend the first few days of New Pathway. Yip informed Roemer that he would be absent from the first few days of class, and Roemer assured him it was not a problem. Yip alleges that he never received a syllabus for the class, and over the course of the semester, Roemer never returned any assignments to him. On September 2, 2004, Yip received by mail a grade of "C" for the course. Yip attempted to register for Phase II of the course, but he was instead instructed to see Dean Willenbrock, who informed him that his low grade in Phase I precluded his registration for Phase II. Dean Willenbrock then encouraged Yip to discuss his grade with Roemer. Roemer emailed Yip with the grades that Yip received on all assignments, from which Yip determined that Roemer had penalized him for missing the first two days of class, and that he had received grades of zero for five reflective journals because, in Roemer's words, the journals "missed the mark." Yip's failure to grasp the nature of the assignments, Roemer suggested, stemmed from his having missed the first two days of class.

Yip explained his absences again and requested that he be permitted to rewrite the five reflective journals. On the advice of Dean Willenbrock, Roemer refused to give Yip an opportunity to rewrite the journals.

On September 7, 2006, Yip filed a complaint in the District Court, asserting four claims: (1) violation of civil rights and discrimination under 42 U.S.C. §§ 2000a and 2000d; (2) violation of due process and equal protection; (3) dereliction of duties and negligence; and (4) pain, suffering, humiliation and embarrassment.

Defendants filed a motion for summary judgment on all claims, and the District Court granted the motion at a hearing on June 19, 2008. The District Court determined that the statute of limitations barred Yip's federal claims, and that Yip had failed to exhaust his state law claims through the procedure set forth by the New Jersey State Tort Claims Act. Accordingly, the District Court concluded that Yip's complaint was time-barred. In the alternative, the District Court determined that Yip's claims lacked merit because his complaint sought judicial review of a course grade, and the court was reluctant to interfere with a teacher's academic judgment regarding student performance. Yip appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo. Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008). We will affirm the grant of summary judgment only if, viewing the facts most favorably to the non-moving party, we determine that there are no genuine issues of material fact for trial.

3

Id.

We agree that Yip's claims are untimely. A two-year statute of limitations applies to Yip's constitutional claims under 42 U.S.C. § 1983, as well as his claim under Title VI, 42 U.S.C. § 2000d.[1] See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (statute of limitations for personal injury claims under state law applies to actions under 42 U.S.C. § 1983); Taylor v. Regents of Univ. of Calif., 993 F.2d 710, 712 (9th Cir. 1993) (claims under § 1983 and § 2000d are governed by same statute of limitations); N.J.S.A.§ 2A:14-2(a) (two-year statute of limitations applies to personal injury claims).

Yip admitted that he learned of his "C" grade on September 2, 2004, and that he did not file suit until September 7, 2006. Although Yip argues that he attempted to redress the low grade after September 2, 2004, we note that the statute of limitations begins as soon as the plaintiff learns or reasonably should have learned that she has been injured and is not tolled until the last day that her curative efforts fail. See Mest v. Cabot Corp., 449 F.3d 502, 510 (3d Cir. 2006). Therefore, Yip's claims for violations of due process and equal protection are time-barred.

As for his state law claims for dereliction of duty, negligence and pain, suffering and embarrassment, the District Court properly determined that these claims arose under

---

[1]Yip also cites the public accommodations provision of Title VI, 42 U.S.C. § 2000a, but this provision does not apply to his claim of race discrimination in the context of academic assessment. Accordingly, we do not analyze this claim or determine whether Yip's assertion of such a claim would be timely.

state tort law, and that Yip had not satisfied the time and notice requirements under the NJTCA. See N.J.S.A. § 59:8-8 (requiring a plaintiff to notify a public entity within 90 days of learning of an injury). This notice provision is a prerequisite to suit, except in circumstances not applicable here, and no claim can be brought more than two years after accrual. Id. As Yip failed to comply with the notice requirements under state law and filed his complaint after more than two years had passed from the date his claims accrued, summary judgment was also proper as to his state law claims.

For the foregoing reasons, we will affirm the decision of the District Court.